FILED
7/24/2020 12:35 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Martha Medellin

W JD

2CIT PPS

2020CI13545

NO. _____

| | | |
|---|---|---|
| FRANK RICHARD AGUILAR AND CYNTHIA NORA AGUILAR | § § § § | IN THE DISTRICT COURT OF |
| vs. | § § | BEXAR COUNTY, TEXAS |
| REGAL CINEMAS, INC., INDIVIDUALLY AND D/B/A ALAMO QUARRY CINEMAS #440939, AND AAT ALAMO QUARRY, LLC, INDIVIDULLY AND D/B/A ALAMO QUARRY MARKET | § § § § § § | 224th JUDICIAL DISTRICT |

### PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Frank Richard Aguilar and Cynthia Nora Aguilar, hereinafter referred to as Plaintiffs, complaining of Regal Cinemas, Inc., Individually and d/b/a Alamo Quarry Cinemas #440930, and AAT Alamo Quarry, LLC, Individually and d/b/a Alamo Quarry Market, hereinafter referred to as Defendants, and for cause of action would respectfully show the Court as follows:

#### Discovery Control Plan

1. Discovery is intended to be conducted under Level 3, Texas Rules of Civil Procedure, Rule 190.4.

#### Parties

2. Plaintiffs are resident citizens of Webb County, Texas.

3. Defendant, Regal Cinemas, Inc., Individually and d/b/a Alamo Quarry Cinemas #440930, is a foreign for-profit corporation authorized to conduct business in the State of Texas and maintains agents and agencies in the State of Texas and may be served with citation by serving its registered agent for service of process, CT Corporation

1

**EXHIBIT 2**

System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

4. Defendant, AAT Alamo Quarry, LLC, Individually and d/b/a Alamo Quarry Market, is a foreign limited liability company that may be served by serving its registered agent for service of process, Paracorp Incorporated, 3610-2 N. Josey Lane, Suite 223, Carrollton, Texas 75007.

### Jurisdiction and Venue

5. Jurisdiction and venue are proper in this Court in Bexar County, Texas in that the incident made the basis of this lawsuit and the injuries and damages sustained by your Plaintiffs all occurred within the territorial limits of Bexar County, Texas. Therefore, all or a substantial portion of the acts and/or omissions giving rise to the incident in question occurred within the territorial limits of Bexar County, Texas. In addition, this cause of action is for negligence and the subject matter of this lawsuit and the amount in controversy are all within the jurisdictional limits of this Court. The Defendant, Regal Cinemas, Inc., Individually and d/b/a Alamo Quarry Cinemas #440930, is not a natural person; it is a corporation. The principal place of business of Regal Cinemas, Inc., Individually and d/b/a Alamo Quarry Cinemas #440930, at the time of the incident in question was and currently is located at 255 E. Basse Rd., San Antonio, Texas 78209. Because a corporate party's residence and citizenship for jurisdiction and venue purposes includes both the state in which it is incorporated and the state in which it has its principal place of business, the residence and citizenship of the Defendant, Regal Cinemas, Inc., Individually and d/b/a Alamo Quarry Cinemas #440930, is and was at the time of the occurrence in question the State of Texas. As such, the Defendant corporation is a citizen and resident of the State in which it is incorporated and the State where it has

**EXHIBIT 2**

its principal place of business pursuant to 28 U.S.C. Section 1332(c)(1), here Texas. Thus, the Defendant, Regal Cinemas, Inc., Individually and d/b/a Alamo Quarry Cinemas #440930, is a citizen and resident of the State of Texas where the suit is filed and, pursuant to the "in-state-defendant barrier" rule, there is no federal court jurisdiction available by removal. 28 U.S.C. Section 1441(b)(2). Under Section 15.005 of the venue statute, when venue is established against one defendant, the Court has venue regarding all defendants in claims or actions arising out of the same transaction, occurrence, or series of transactions or occurrences.

## Background

6. This is a suit to recover money damages for the injuries sustained by your Plaintiffs, Frank Richard Aguilar and Cynthia Nora Aguilar, on or about November 16, 2019, at the Defendants' movie theatre located at 255 E. Basse Road, San Antonio, Bexar County, Texas 78209. The premises in question were owned, operated and/or maintained by the Defendants herein at all relevant times. At the time and on the occasion in question, your Plaintiffs entered Defendants' movie theatre to purchase a ticket to see a movie. Therefore, your Plaintiffs were business invitees of Defendants' at the time of the incident made the basis of this lawsuit. At that time, Plaintiff, Frank Richard Aguilar, encountered a defect in the Defendants' premises that posed an unreasonable risk of harm in that the escalator he was riding abruptly stopped and/or malfunctioned, causing the incident and Plaintiffs' injuries and damages. The defect in the premises constituted an unreasonable risk of harm of which the Defendants, their agents, servants and/or employees acting within the course and scope of their agency, authority or employment created, knew of or, in the alternative, should have known of, and of which the

3

**EXHIBIT 2**

Defendants failed to correct, failed to warn of, and otherwise failed to exercise reasonable care for the safety of the Plaintiffs and other persons. Discovery is at its infancy in this case. Further information and evidence on these issues are, at this time, within the knowledge of Defendants and not Plaintiffs. However, this information can and will be obtained through legal discovery efforts that may possibly require additional or different allegations. Plaintiffs reserve the right to amend and/or supplement as allowed by the Texas Rules of Civil Procedure.

7. Plaintiffs further allege that the Defendants had actual or constructive knowledge of the condition of the premises' defect. Additionally, Defendants had a duty, including a non-delegable duty, to use ordinary care in maintaining the premises in a safe condition by inspecting the property and making it safe against any known or knowable defects or giving warning of any such defects. Defendants, by and through their agents, servants and/or employees acting within the course and scope of their agency, authority or employment, failed in their duties and were negligent. All of the above-enumerated acts and/or omissions constitute negligence as that term is known in law and same proximately caused the occurrence in question and the injuries and damages sustained by your Plaintiffs. Discovery is at its infancy in this case. Further information and evidence on these issues are, at this time, within the knowledge of Defendants and not Plaintiffs. However, this information can and will be obtained through legal discovery efforts that may possibly require additional or different allegations. Plaintiffs reserve the right to amend and/or supplement as allowed by the Texas Rules of Civil Procedure.

8. Plaintiffs further allege that, at the time and on the occasion in question, Plaintiff, Frank Richard Aguilar, was injured as a result of a condition and method of

**EXHIBIT 2**

operation/course of conduct on behalf of the Defendants that posed an unreasonable risk of harm of which the Defendants, their agents, servants and/or employees acting within the course and scope of their agency, authority or employment had actual or constructive knowledge and did not exercise reasonable care to reduce or eliminate that risk by correcting or warning of same and such negligent failure proximately caused Plaintiffs' injuries and damages. Discovery is at its infancy in this case. Further information and evidence on these issues are, at this time, within the knowledge of Defendants and not Plaintiffs. However, this information can and will be obtained through legal discovery efforts that may possibly require additional or different allegations. Plaintiffs reserve the right to amend and/or supplement as allowed by the Texas Rules of Civil Procedure.

### Damages

9.     As a direct and proximate result of the negligence of the Defendants referenced above, your Plaintiff, Frank Richard Aguilar, sustained the following damages in the past and, in reasonable probability, will continue to sustain these damages in the future on a permanent basis: physical pain, mental anguish, physical impairment, disfigurement, loss of earnings and earning capacity and reasonable and necessary medical expenses. Plaintiff sues for these damages in an amount in excess of the minimum jurisdictional limits of the Court, over $200,000.00 but not more than $1,000,000.00.

10.     As a direct and proximate result of the negligence of the Defendants referenced above, your Plaintiff, Cynthia Nora Aguilar, as spouse of Frank Richard Aguilar, was deprived of her spouse's consortium and thereby suffered a loss of affection, solace, comfort, companionship, society, assistance and relations, and loss of household

**EXHIBIT 2**

services in the past and in reasonable probability into the future. Plaintiff, Cynthia Nora Aguilar, sues for these damages in an amount within the minimum jurisdictional limits of the Court, over $200,000.00 but not more than $1,000,000.00.

11. The Plaintiffs also sue for pre-judgment and post-judgment interest on the items of damages allowed by law.

12. Plaintiffs demand a trial by jury on this case

WHEREFORE PREMISES CONSIDERED, Plaintiffs pray that the Defendants be cited in terms of law to appear and answer herein and that upon final hearing Plaintiffs have of, from and against Defendants, jointly and severally, for their damages an amount in excess of the minimum jurisdictional limits of this Court, for pre-judgment and post-judgment interest, costs of court, trial by jury and for such other and further relief, general and special, in law and in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,
HAGOOD ORMAND & KING, LLC
1520 E. Highway 6
Alvin, Texas 77511
(281)331-5757
Fax: (281)331-1105
*E-Service Email: firm@hokfirm.com

BY: /s/ Ryan King
JESSIE J. ORMAND
SBN 24098209
RYAN KING
SBN 24073263
Attorneys for Plaintiffs

*E-SERVED DOCUMENTS ARE ONLY ACCEPTED AT THE ABOVE DESIGNATED E-SERVICE EMAIL ADDRESS. SERVICE ON ANY OTHER EMAIL ADDRESS WILL BE CONSIDERED INVALID.

**EXHIBIT 2**

 **CT Corporation**

**Service of Process Transmittal**
08/04/2020
CT Log Number 538038857

TO: Lorie Walker, VP of Legal Affairs
Regal Cinemas, Inc.
101 E. Blount Avenue
Knoxville, TN 37920

RE: **Process Served in Texas**

FOR: Regal Cinemas, Inc.  (Domestic State: TN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | FRANK RICHARD AGUILAR AND CYNTHIA NORA AGUILAR, Pltfs. vs. REGAL CINEMAS, INC., etc., et al., Dfts. |
| DOCUMENT(S) SERVED: | - |
| COURT/AGENCY: | None Specified<br>Case # 2020CI13545 |
| NATURE OF ACTION: | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Dallas, TX |
| DATE AND HOUR OF SERVICE: | By Process Server on 08/04/2020 at 11:44 |
| JURISDICTION SERVED : | Texas |
| APPEARANCE OR ANSWER DUE: | None Specified |
| ATTORNEY(S) / SENDER(S): | None Specified |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 08/04/2020, Expected Purge Date: 08/09/2020<br><br>Image SOP<br><br>Email Notification,  Lorie Walker  lorie.walker@regalcinemas.com |
| SIGNED:<br>ADDRESS: | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201 |
| For Questions: | 866-665-5799<br>SouthTeam2@wolterskluwer.com |

Page 1 of  1 / SB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**EXHIBIT 2**



# PROCESS SERVER DELIVERY DETAILS

**Date:** Tue, Aug 4, 2020

**Server Name:** Caleb Malone

**Location:** Dallas, TX-DAL

| | |
|---|---|
| Entity Served | REGAL CINEMAS, INC. |
| Agent Name | CT CORPORATION SYSTEM |
| Case Number | 2020-ci-13545 |
| Jurisdiction | TX-DAL |



**EXHIBIT 2**

PRIVATE PROCESS

Case Number: 2020-CI-13545

2020CI13545 S00001

**FRANK R AGUILAR ET AL**
**VS.**
**REGAL CINEMAS INC ET AL**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
224th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To:  REGAL CINEMAS INC
INDIVIDUALLY AND DBA ALAMO QUARRY CINEMAS #440930

BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM

8/4 by CM

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION , a default judgment may be taken against you." Said ORIGINAL PETITION  was filed on the 24th day of July, 2020.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 31ST DAY OF JULY A.D., 2020.

RYAN KING
ATTORNEY FOR PLAINTIFF
1520 E HIGHWAY 6
ALVIN, TX 77511-7702



Mary Angie Garcia
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By: *Elvira Enriquez*, Deputy

---

FRANK R AGUILAR ET AL
VS
REGAL CINEMAS INC ET AL

**Officer's Return**

Case Number: 2020-CI-13545
Court: 224th Judicial District Court

I received this CITATION on _____ at _____ o'clock ___M. and ( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION  the date of delivery endorsed on it to the defendant, _____ in person on the _____ at _____ o'clock ___M. at _____ or ( ) not executed because _____.

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____County, Texas
By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of _____, 20___.

_____
Declarant

ORIGINAL (DK002)

**EXHIBIT 2**