**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**FRANK RICHARD AGUILAR and**
**CYNTHIA NORA AGUILAR,**

>   *Plaintiffs*,

**v.**                                                         **Case No. 5:20-CV-01029-JKP**

**REGAL CINEMAS, INC.;**
**AAT ALAMO QUARRY, LLC; and**
**SCHINDLER ELEVATOR COMPANY,**

>   *Defendants*.

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the Court is Defendant AAT Alamo Quarry, LLC, individually and d/b/a Alamo Quarry Market's (hereinafter "AAT") Motion for Summary Judgment (*ECF No. 110*); Defendant Regal Cinemas, Inc., individually and d/b/a Alamo Quarry Cinema #440930's (hereinafter "Regal") Motion for Summary Judgment (*ECF No. 137*); and Defendant Schindler Elevator Corporation's (hereinafter "Schindler") Motion for Summary Judgment (*ECF No. 139*). Plaintiffs Frank Aguilar and Cynthia Nora Aguilar have filed Responses (*ECF Nos. 116 and 151*) to the motions and Defendants have filed Replies (*ECF Nos. 148, 153, 154*). After due consideration of the parties' briefings, the summary judgment evidence, and the applicable law, the Court **GRANTS** AAT's Motion for Summary Judgment (*ECF No. 110*), **GRANTS IN PART** and **DENIES IN PART** Regal's Motion for Summary Judgment (*ECF No. 137*), and **GRANTS IN PART** and **DENIES IN PART** Schindler's Motion for Summary Judgment (*ECF No. 139*). Plaintiffs' causes of action of premises liability against Regal and Schindler shall proceed.

## BACKGROUND

This case arises from alleged injuries Plaintiffs Frank Aguilar and Cynthia Nora Aguilar (hereinafter "the Aguilars") sustained while riding an escalator. *ECF No. 41*. Defendants AAT, Regal, and Schindler move for summary judgment contending there is no genuine dispute as to any material fact and the Aguilars' causes of action of general negligence and premises liability fail as a matter of law. *ECF Nos. 110, 137, 139*. The facts, taken in the light most favorable to the Aguilars, are as follows.

The Aguilars allege on November 16, 2019, they visited a movie theater located in the Alamo Quarry Market, in San Antonio, Texas. *ECF No. 41 at pp. 1–2*. After viewing a movie on the second level, the Aguilars exited using a descending escalator. *Id.; see also ECF No. 116 at p. 8*. While on the escalator the Aguilars allege "the escalator came to an immediate stop," causing passengers to fall onto Mr. Aguilar's back. *ECF No. 116 at p. 8*. Mr. Aguilar gripped the handrails to avoid falling. *Id. at p. 9*. Once steady, Mr. Aguilar walked down the escalator and reported the incident to the movie theater's management. *Id. at p. 10*. Mr. Aguilar alleges experiencing an "immediate onset of back pain" and further alleges "he was forced to undergo lumbar surgery to try to alleviate his pain." *Id*.

The Aguilars filed this action asserting claims against AAT, the owner of the premises where the incident occurred; Regal, the occupier of the leased premises and operator of the movie theater; and Schindler, the servicer of the escalator.

## LEGAL STANDARD

Summary judgment is appropriate if the record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare,*

*Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[1] "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009). A genuine dispute for trial exists if the record taken as a whole could lead a reasonable trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). Because there must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 247–48 (1986).

The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact or the appropriateness of judgment as a matter of law." *Celotex,* 477 U.S. at 323; *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). The movant is not required to negate the elements of the nonmovant's case but may satisfy its summary judgment burden by demonstrating the absence of facts supporting specific elements of the nonmovant's cause(s) of action. *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075, 1076 n. 16 (5th Cir. 1994). To satisfy this burden, the moving party must provide affidavits or identify any portion of the pleadings, discovery or admissions that demonstrate the absence of a triable dispute of material fact. *Celotex*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019. "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., LLC v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014).

---

[1] Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

If the movant carries its initial burden, the burden shifts to the nonmovant to present competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita*, 475 U.S. at 586–87; *see also* Fed. R. Civ. P. 56(a). Upon the shifting burden, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which this evidence raises a genuine dispute of material fact. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994)). Further, should the nonmoving party fail "to address or respond to a fact raised by the moving party and supported by evidence, then the court may consider the fact as undisputed" and "[s]uch undisputed facts may form the basis for a summary judgment." *Broadcast Music*, *Inc. v. Bentley*, SA-16-CV-394, 2017 WL 782932, at *2 (W.D. Tex. Feb. 28, 2017).

In determining the merits of a motion for summary judgment, a court has no duty to search the record for material fact issues or to find a party's ill-cited evidence. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *Ragas*, 136 F.3d at 458. In addition, a court may not make credibility determinations or weigh the evidence and must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000); *Boudreaux v. Swift Transp. Co.*, *Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citations omitted).

## ANALYSIS

In their First Amended Complaint, the Aguilars assert causes of action of general negligence and premises liability against AAT, Regal, and Schindler. *See ECF No. 41*. At the outset,

4

the Court notes the Aguilars' First Amended Complaint lumps together ATT, Regal, and Schindler, referring to them collectively as "Defendants." *Id*. While the Aguilars attribute some specific acts and omissions to Schindler, AAT and Regal are not mentioned in the body of the First Amended Complaint at all. *Id*. As a result, the Aguilars' collective pleading provides no factual basis to distinguish AAT and Regal's conduct. To distinguish acts particular to each party and particular to each asserted cause of action, "[a]t a minimum, [p]laintiffs should endeavor to explain what role each [d]efendant played . . . rather than grouping them together at all times." *Washington v. Patterson-UTI Energy, Inc.*, No. 5:16-CV-130, 2016 WL 3081060, at *3 (W.D. Tex. May 31, 2016). Nonetheless, the Court addresses AAT, Regal, and Schindler's summary judgment arguments in turn.

## I.    General Negligence

AAT, Regal, and Schindler contend, respectively, the Aguilars' causes of action of general negligence asserted against each fail as a matter of law. *See ECF No. 110 at pp. 4–6* (relying on *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992)); *ECF No. 137 at pp. 4–7* (same); *ECF No. 139 at pp. 5–7* (same). In their individual Motions for Summary Judgment, each argue *Keetch* prevents the Aguilars from proceeding concurrently on causes of action of general negligence and premises liability. *See ECF No. 110 at pp. 4–6*; *ECF No. 137 at pp. 4–7*; *ECF No. 139 at pp. 5–7*. In their Responses, the Aguilars fail to address this argument. *See ECF Nos. 116 and 151*.

In applying Texas law, the Fifth Circuit distinguishes claims based on general negligence and premises liability:

> Although negligent activity and premises liability claims are branches of the same tree, they are conceptually distinct: "[N]egligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory

> based on the owner's failure to take measures to make the property safe." *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010) (footnote omitted). Thus, the Texas Supreme Court has repeatedly declined to "eliminate all distinction" between these two theories. *See Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992).

*Austin v. Kroger Tex. L.P.*, 746 F.3d 191, 196 (5th Cir. 2014) (per curiam). Consequently, a person injured on another's property has two potential causes of action against the owner or occupier of the property: (1) negligence, for negligent activity on the premises, and (2) premises liability, for an unreasonably dangerous condition on the premises. *E.I. DuPont de Nemours & Co. v. Roye*, 447 S.W.3d 48, 56 (Tex. App.—Houston [14th Dist.] 2014, pet. dism'd) (citing *Clayton W. Williams Jr., Inc. v. Olivo*, 952 S.W.2d 523, 527 (Tex. 1997); *See also Keetch*, 845 S.W.2d at 264. "While both liability theories are based on negligence principles, they are independent theories that require different elements of proof." *Roye*, 447 S.W.3d at 56 (citing *Olivo*, 952 S.W.2d at 529). Although a plaintiff cannot recover on both causes of action for the same injury, plaintiffs may assert both as alternative theories of recovery, depending on how the actual facts develop. *Villarreal v. Marriott Hotel Services, Inc.*, No. 5:22-CV-1008-JKP, 2023 WL 4237352, at *5 (W.D. Tex. June 28, 2023) (discussing *Austin*, 746 F.3d at 197).

"Distinguishing between these two causes of action can be tricky: 'The lines between negligent activity and premises liability are sometimes unclear, since almost every artificial condition can be said to have been created by an activity.'" *Id.* at *3 (quoting *Austin*, 746 F.3d at 196). However, "[r]ecovery on a negligent activity theory requires that the plaintiff be injured by or as a contemporaneous result of the activity itself," rather than by a condition created by the activity. *Arsement v. Spinnaker Expl. Co.*, 400 F.3d 238, 251 (5th Cir. 2005) (quoting *Villegas v. Tex. Dep't of Transp.*, 120 S.W.3d 26, 38 (Tex. App.—San Antonio 2003, pet. denied); *Keetch*, 845 S.W.2d at 264. Therefore, a failure to act with regard to physically unsafe property does not

support a negligent activity claim. *Oncor Elec. Delivery Co., LLC v. Murillo*, 449 S.W.3d 583, 608 (Tex. App.—Houston [1st Dist.] 2014, pet. denied).

AAT, Regal, and Schindler each refer to *Keetch* to support their theory that summary judgment is warranted on the Aguilars' general negligence causes of action. *In Keetch*, the thirty minutes that passed between a grocery store spraying plants in the floral department and a customer slipping on liquid which had pooled in the floor was sufficient to take the claim outside of negligent activity liability. *Castro v. Wal-Mart Real Est. Bus. Tr.*, 645 F. Supp. 3d 638, 649 (W.D. Tex. 2022) (citing *Keetch*, 845 S.W.2d at 264). That is because "[t]here was no ongoing activity when [the customer] was injured." *Id.* As the Texas Supreme Court explained, the customer "may have been injured by a condition created by the spraying but she was not injured by the activity of spraying." *Keetch*, 845 S.W.2d at 264. Therefore, Keetch was limited to a premises liability theory of recovery.

Further, in *Carbonara v. Texas Stadium Corp.*, a Texas court of appeals applied this framework to determine whether a plaintiff's claims sounded in general negligence or premises liability. 244 S.W.3d 651 (Tex. App.—Dallas 2008, no pet.). There, the plaintiff/appellant was injured after falling on an escalator but did not contend his injury resulted from "any contemporaneous activity being conducted at the time of his injury." *Id.* at 654. Consequently, the court found summary judgment was proper on plaintiff/appellant's negligence cause of action because the plaintiff/appellant claimed defendant's negligence permitted the condition to exist, rather than claiming any activity of the defendant directly and contemporaneously harmed plaintiff. *Carbonara*, 244 S.W.3d at 656–657 (citing *Bartosh v. Gulf Health Care Ctr.-Galveston*, 178 S.W.3d 434, 446–47 (Tex. App.—Houston [14th Dist.] 2005, no pet.)

*Keetch* and *Carbonara* make clear the Aguilars' claims sound in premises liability. As pled, the Aguilars assert both a general negligence and a premises liability theory of recovery based on the same injury and the same acts. *ECF No. 41 at p. 3* ("Plaintiff, Frank Richard Aguilar, encountered a defect in the Defendants' premises that posed an unreasonable risk of harm in that the escalator he was riding abruptly stopped and/or malfunctioned, causing the incident and Plaintiffs' injuries and damages."). In their Responses, however, the Aguilars do not point the Court to any evidence Mr. Aguilar's alleged injuries resulted from contemporaneous activity by AAT, Regal, or Schindler. *See ECF Nos. 41, 116, 151*. Instead, the Aguilars claim "Defendants'" negligence (*i.e.*, the escalator's improper maintenance) permitted a condition (*i.e.*, the escalator's malfunctioning) to exist that resulted in harm to Mr. Aguilar. *See ECF No. 41 at p. 3*; *ECF No. 116 at p. 11*. It is concerning to the Court the Aguilars failed to address *Keetch* and its progeny as applicable and binding case law. That said, because the Aguilars pled they were "injured by a condition created by [an] activity rather than the activity itself, [they are] limited to the premises liability theory of recovery." *See Bradley v. Target Corp.*, No. 3:23-CV-00193-E, 2023 WL 6166475, at *5 (N.D. Tex. Sept. 21, 2023) (citing *Lucas v. Titus Cty. Hosp. Dist./Titus Mem'l Hosp.*, 964 S.W.2d 144, 153 (Tex. App.—Texarkana 1998, pet. denied)).

Accordingly, the Court **GRANTS** AAT, Regal, and Schindler's Motions for Summary Judgment as to the Aguilars' general negligence causes of action. *ECF Nos. 110, 137, 139*.

## II.    Premises Liability

The Court next turns to the Aguilars' causes of action of premises liability asserted against AAT, Regal, and Schindler. *See ECF No. 41 at pp. 2–5*.

### A.    "No-Evidence" Summary Judgment Motions

As an initial matter, before reaching the merits, the Aguilars urge portions of AAT's Motion for Summary Judgment relating to premises liability are "nothing more than a no-evidence challenge that is not permitted under federal summary-judgment standards." *ECF No. 116 at p. 32*. In the Fifth Circuit, courts do consider the state-created "no-evidence" summary judgment motions in premises liability cases where the defendant points out the plaintiff cannot adduce evidence for the specific elements for which it bears the burden at trial. *Austin v. Kroger Tex., LP*, 864 F.3d 326, 335 (5th Cir. 2017) (collecting cases). As explained in *Austin*:

> Austin argues that federal law does not allow for "no evidence" summary judgment motions, but instead requires Kroger to point to evidence in the record showing no issue of material fact on causation. Under federal law, however, it has long been the rule that when the nonmovant has the burden of proof at trial, the moving party may make a proper summary judgment motion, thereby shifting the summary judgment burden to the nonmovant, with an allegation that the nonmovant has failed to establish an element essential to that party's case. Kroger satisfied its summary judgment burden when it alleged that there was no evidence of causation—an element essential to Austin's ordinary negligence claim. Therefore, Austin was required to present causation evidence to survive summary judgment.

*Id.* (citations omitted); *see also Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075–76 n. 16 (5th Cir. 1994); *Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). The important distinction is that "while it is true that a movant cannot support a motion for summary judgment with a conclusory assertion that the nonmovant has no evidence to support his *case*," a movant may support its motion "by pointing out that there is no evidence to support a specific element of the nonmovant's *claim*." *Austin*, 864 F.3d at 335 n.10 (citing *Celotex*, 477 U.S. at 322–23) (emphasis in original). Federal courts in Texas applying this distinction concur, finding that "such a motion can be proper when correctly pled," and, in such event, when the movant alleges there is no evidence to support specific elements of the nonmovant's cause of action, the burden shifts to the nonmovant to demonstrate evidence which raises a genuine dispute of material fact." *Bell v. Marmaxx Operating Corp*, No. 3:20-CV-01910, 2021 WL 5505561, at *2 (N.D. Tex. Nov. 23, 2021); *Harmon*

*v. Wal-Mart Stores Texas, LLC*, No. 6:19-CV-285, 2020 WL 6379236, at *2 n.14 (E.D. Tex. Sept. 29, 2020) (citing *Austin*, 864 F.3d at 335 n.10).

The Court finds AAT complied with the guidance supplied in *Austin* by specifically pointing out there is no evidence to support a specific element of the Aguilars' premises liability cause of action. *ECF No. 110*; *accord Kier v. Wal-mart Stores Texas, LLC*, No. SA-23-CV-00991-JKP, 2024 WL 3908740 at *2 (W.D. Tex. Aug. 20, 2024). To the extent AAT argues the Aguilars' evidence is wholly lacking, it is in reference to essential elements that the Aguilars must prove to prevail on their premises liability claim. *See id. at pp. 2, 7, 11-12*.

###   B.   Merits Analysis

To establish a cause of action of premises liability, a plaintiff must first demonstrate the landowner owed the plaintiff a duty of care. *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010). Whether a duty exists, and the scope of the duty, depends on the plaintiff's status of either an invitee, licensee, or trespasser. *See Lapara v. Silver Slipper Casino Venture, LLC*, 446 F. App'x 727, 730 (5th Cir. 2011) (per curiam). An invitee is an individual who enters another's property "in response to an express or implied invitation of the owner or occupant for their mutual advantage." *Id*.

In the instant case, the parties do not contest the Aguilars were invitees. *ECF No. 41 at p. 2*; *ECF No. 110 at p. 6*; *ECF No. 137 at p. 8*; *ECF No. 139 at p. 7*. Generally, a premises owner has a duty to protect invitees from, or warn them of, conditions posing unreasonable risks of harm if the owner knew of the conditions or, in the exercise of reasonable care, should have known of them. *TXI Operations, LP v. Perry,* 278 S.W.3d 763, 764–65 (Tex. 2009). When, as here, a plaintiff is an invitee, it must then demonstrate four elements:

> (1) the premises owner had "actual or constructive knowledge of some condition on the premises"; (2) the condition posed an "unreasonable risk of harm"; (3) the

premises owner "did not exercise reasonable care to reduce or eliminate the risk"; and (4) the premises owner's failure "proximately caused" the Plaintiffs' injuries.

*LMB, Ltd. v. Moreno*, 201 S.W.3d 686, 688 (Tex. 2006); *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). The proximate cause element is composed of two components: cause-in-fact and foreseeability. *Moreno*, 201 S.W.3d at 688. The test for cause-in-fact, or "but-for" causation, considers whether (1) the "act or omission was a substantial factor in causing the injury" and (2) whether the harm would have occurred without "the act or omission." *Id.* Foreseeability, the other aspect of proximate cause, requires that a person of ordinary intelligence should have anticipated the danger created by a negligent act or omission. *Nixon v. Mr. Prop. Mgt.*, 690 S.W.2d 546, 549–50 (Tex. 1985).

### 1.   Duty

In its motion, Regal does not contest its duty owed to the Aguilars or its control over the premises. *ECF No. 137 at p. 2 and pp. 7–8*. AAT and Schindler, on the other hand, assert the Aguilars fail to raise a genuine issue of material fact as to any duty pertaining to each. *ECF No. 110 at pp. 7–8*; *ECF No. 139 at pp. 8–10*. Therefore, the Court addresses whether and/or to what extent AAT and Schindler owed any duty of care under Texas premises liability law.

#### a.   AAT's Duty to the Aguilars

The essential test for assigning duty in premises liability cases depends on who has control of the premises. *Fifth Club, Inc. v. Ramirez,* 196 S.W.3d 788, 791–92 (Tex. 2006). To establish this element of duty, a plaintiff must establish the defendant owned, occupied, or assumed control over and responsibility for the premises. *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 479 (Tex. 2017). Where property is owned by one party but under the operation of another at the time of the accident, "the relevant inquiry is whether the [operating party] assumed suffi-

cient control over the part of the premises that presented the alleged danger so that the [operating party] had the responsibility to remedy it." *Id.* at *7.

In premises liability cases such as this, involving a lease agreement, a lessor generally has no duty to tenants or their invitees for dangerous conditions on the leased premises. *Palermo v. Bolivar Yacht Basin, Inc.*, 84 S.W.3d 746, 748 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (citing *Brownsville Navigation Dist. v. Izaguirre,* 829 S.W.2d 159, 160 (Tex. 1992)). This general rule stems from the notion a lessor relinquishes possession or occupancy of the premises to the lessee. *Palermo*, 84 S.W.3d at 748 (citing *Johnson Cty. Sheriff's Posse, Inc. v. Endsley*, 92 S.W.2d 284, 285 (Tex. 1996). However, several exceptions to the general rule exist. *Id.* For example, a lessor who makes repairs may be liable for injuries resulting from the lessor's negligence in making the repairs. *Id.* A lessor who conceals defects on the leased premises of which the lessor is aware may also be liable. *Id.* In addition, a lessor may be liable for injuries caused by a defect on a portion of premises that remain under the lessor's control. *Id.* Under this exception, a lessor does not have sufficient control over a leased premises where the lease contained no provision giving the lessor the right to control lessee's operation. *Brownsville*, 829 S.W.2d at 161. The critical issue in determination of the right of control is which party has the right of possession of the premises, and not merely the right of access. *Daitch v. Mid–America Apartment Cmtys., Inc.*, 250 S.W.3d 191, 195 (Tex. App.—Dallas 2008, no pet.)).

As support for its proposition, AAT presents the lease agreement between it and Regal. *ECF No. 110-2*. The lease agreement contains no provision giving AAT the right to control Regal's operation of the movie theater on the premises. *Id.* The lease agreement does reserve AAT a right of re-entry. *See ECF No. 110-2 at p. 12* ("Lessor shall have the right upon reasonable notice . . . to enter upon the . . . premises for the purposes of inspecting the same"). However, with-

out more, the reservation of a right to re-entry does not amount to a retention of control. *See Daitch*, 250 S.W.3d at 195; *Jensen v. Sw. Rodeo, LP*, 350 S.W.3d 755, 758 (Tex. App.—Dallas 2011, no pet.); *Shell Oil Co. v. Khan*, 138 S.W.3d 288, 297 (Tex. 2004). As a result, the lease agreement does not support the Aguilars' argument any duty of care owed by AAT derived from Texas premises liability law.

In their Response to AAT's motion, the Aguilars do not address AAT's control of the premises or Texas premises liability law. *ECF No. 116 at pp. 20–28*. The Aguilars do not argue the applicability of any exceptions to the general rule that a lessor has no duty to tenants or their invitees for dangerous conditions on the leased premises. *Id*. Instead, the Aguilars allege they are owed nondelegable duties by AAT imposed by Texas common law and statutes. *Id*. Attached to their Response are portions of Chapter 754 of the Texas Health & Safety Code and Chapter 74 of the Texas Administrative Code, which are not summary judgment evidence. *ECF Nos. 116-14 and 116-15*.

To the extent the Aguilars allege the existence of a common law duty, their cited cases are either distinguishable or not on point. They direct the Court to cases involving causes of action of general negligence, not premises liability, and involving premises owners and independent contractors, not landlords and tenants. *See ECF No. 116 at pp. 20–28*. As to the existence of a statutory duty, the Aguilars do not plead causes of action of negligence per se nor have sought leave to amend to add such claims.[2] *Cf. Smith v. Merritt*, 940 S.W.2d 602, 607 (Tex. 1997) ("Negligence per se is a common-law doctrine in which a duty is imposed based on a standard of

---

[2] It is also not evident the Aguilars seek recovery from ATT based on a theory of vicarious liability. *McAllen Hosps., LP v. Gonzalez*, 566 S.W.3d 451, 457 n.3 (Tex. App.—Corpus Christi–Edinburg 2018, no pet.) ("A claim brought against a party based on a nondelegable duty is one of vicarious liability, not direct."); *See also MBank El Paso, N.A. v. Sanchez*, 836 S.W.2d 151, 153–54 (Tex. 1992); *Alamo Nat'l Bank v. Kraus*, 616 S.W.2d 908, 910–11 (Tex. 1981); *Bond v. Otis Elevator Co.*, 388 S.W.2d 681, 685–86 (Tex. 1965) (op. on reh'g).

conduct created by a penal statute rather than on the reasonably prudent person test used in pure negligence claims."). A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court. *Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990). The Aguilars rely on no authority, other than the statutes themselves, for the proposition that this Court impose nondelegable duties on AAT. *ECF Nos. 116-14 and 116-15*. Federal courts siting in diversity "may not 'expand state law beyond its presently existing boundaries.'" *Keiland Constr., LLC v. Weeks Marine, Inc.*, 109 F.4th 406, 418 (5th Cir. 2024). For these reasons, the Court declines the Aguilars' request this Court find alternative methods for assigning duty in premises liability cases.

Accordingly, the Court concludes AAT satisfied its summary judgment burden by presenting to the Court the Aguilars do not have evidence to establish the element of duty. The Aguilars failed to satisfy their shifting burden to raise a genuine dispute of material fact that would preclude summary judgment in favor of AAT on the ground it owed no duty to the Aguilars. Because the Aguilars failed to produce evidence showing AAT, as the owner of the property, retained control over the premises when it leased the premises to Regal, the Court **GRANTS** summary judgment to AAT as to the Aguilars' premises liability claims against AAT. *ECF No. 110*.

### b.    Schindler's Duty to the Aguilars

As a contractor, Schindler may be subject to liability for breaching any duties that a property owner would owe to business invitees. *Redinger v. Living, Inc.*, 689 S.W.2d 415, 417 (Tex. 1985). In evaluating whether a contractor owes an invitee a duty of care as to the property's condition, the "relevant inquiry is whether the [contractor] assumed sufficient control over the part of the premises that presented the alleged danger so that the [contractor] had the responsibility to

remedy it." *Cty. of Cameron v. Brown*, 80 S.W.3d 549, 556 (Tex. 2002). This "sufficient control" does not require exclusive control in the premises liability context. *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 479 (Tex. 2017) (emphasis added). Consequently, in this context, the relevant inquiry for determining what, if any, duties Schindler owed the Aguilars is Schindler's control over the escalator itself. *See id*. The question is not whether Regal also had control, or even whether Regal had more control; rather, the duty question must focus on Schindler's right to control the escalator and subsequent responsibility to warn about or remedy a dangerous con-dition on the escalator. *See id*. at 479. Thus, whether Schindler owed the Aguilars a premises du-ty must be determined by examining whether Schindler maintained a right to control the escala-tor. *See id.*; *Gen. Elec. Co. v. Moritz*, 257 S.W.3d 211, 214 (Tex. 2008).

Schindler states in its Motion for Summary Judgment "the [maintenance contract's] pro-visions do not extend *exclusive* access to or control of the premises or subject escalator for any purpose other than the performance of the maintenance services, which were to be conducted during regular working hours." *ECF No. 139 at p. 9* (emphasis added); *see also ECF No. 139-4*. As the only evidence Schindler points to regarding duty of care, the Court finds the maintenance contract alone is inconclusive to establish it did not possess sufficient control as a matter of law. Nor does the maintenance contract show definitively that the Aguilars cannot establish the duty element of their premises liability cause of action against Schindler. For this reason, Schindler's Motion for Summary Judgment must fail.

However, going further, in their Response to Schindler's Motion for Summary Judgment, the Aguilars also focus on the maintenance contract between Schindler and Regal. *ECF No. 151 at pp. 26–28*. The Aguilars argue the maintenance contract's provisions, including the "State-ment of Work" portion, demonstrate Regal had sufficient control over the escalator. *Id. at p. 28*;

*ECF No. 139-4 at pp. 16–27*. The Aguilars point out "the agreement designates Schindler, not Regal, as the party that must provide access to the escalator to Regal's own inspection-service provider or consultant." *Id. at p. 28*.

Because the summary judgment evidence presented does not conclusively establish whether Schindler had sufficient control of the escalator to establish a duty to the Aguilars, this is a disputed issue of fact which must be determined by a jury. *Reyes v. Dollar Tree Stores, Inc.*, 221 F. Supp. 3d 817, 831 (W.D. Tex. 2016); *Vidaurri v. H.M.R. Properties*, No. SA-06-CA-1124 WWJ, 2007 WL 9710414, at *2 (W.D. Tex. Aug. 10, 2007). Consequently, Schindler fails to satisfy its summary judgment burden as to this element of the Aguilars' premises liability cause of action against it. However, Schindler and Regal also contend the Aguilars cannot demonstrate each had actual or constructive knowledge of the escalator's alleged condition.

## 2.   Actual or Constructive Knowledge

Actual knowledge may be established by circumstantial evidence. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 266 (Tex. 1992). "Proof that the premises owner . . . created a condition which poses an unreasonable risk of harm may constitute circumstantial evidence that the owner or occupier knew of the condition." *Id*. However, where the "circumstantial evidence is so slight that the choice between opposing plausible inferences amounts to nothing more than speculation, it is legally no evidence at all." *Univ. of Tex. at El Paso v. Muro*, 341 S.W.3d 1, 5 (Tex. App.—El Paso 2009, no pet.) (citing *Lozano v. Lozano*, 52 S.W.3d 141, 148 (Tex. 2001)).

"Constructive knowledge is a substitute in the law for actual knowledge." *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 102 (Tex. 2000). It arises where a condition has been present long enough that the owner or occupier should have discovered it upon reasonable inspection. *Id*. at 102–103. Thus, in assessing the presence of constructive knowledge, courts apply the "time-

notice" rule, which states, the dangerous condition must have existed for "some length of time before a premises owner may be charged with constructive notice." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 815 (Tex. 2002). Indeed, without "some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition." *Id*. at 816. To hold otherwise would be to impose strict liability for a dangerous condition. *Id*. The burden thus falls upon the plaintiff to establish that it was more likely than not that the dangerous condition existed long enough to give the defendant a reasonable opportunity to discover and rectify it. *Id*. at 817; *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998).

### a.    Schindler and Regal's Actual or Constructive Knowledge

Schindler states in its Motion for Summary Judgment "[t]here is no evidence [it] knew or reasonably should have known of an unreasonably dangerous condition posed by the escalator." *ECF No. 139 at p. 16*. Schindler refers the Court to evidence the escalator is routinely inspected by the Texas Department of Licensing and Regulation, stating the inspections confirm the escalator complied with applicable safety standards. *Id*.; *see also ECF No. 139-7*. Similarly, Regal states "[t]he evidence shows [it] did not have actual or constructive knowledge that the . . . escalator . . . posed an unreasonable risk of harm." *ECF No. 137 at p. 8*. As evidence, Regal refers the Court to the deposition transcript of John Burleson, Regal's Corporate Representative. *ECF No. 137-4*. During Mr. Burleson's deposition, he states it is common for escalators to stop due to patrons inadvertently activating its safety switches. *Id. at p. 3*. Thus, the Aguilars allege "the fact [] the escalator may have stopped due to a switch being tripped cannot constitute actual or even constructive knowledge [] the escalator constituted a "dangerous condition." *ECF No. 137 at p. 9*.

In their Responses to Schindler and Regal's motions, to present a genuine dispute of material fact, the Aguilars cite Schindler's Service Call Reports as evidence Schindler and Regal "knew or should have known that the condition of the escalator posed an unreasonable risk of harm*." ECF No. 151 at pp. 32–33*, citing *ECF No. 116-5, 116-6, 116-7, 116-8, 116-9*. The Aguilars claim "Regal called Schindler to report [] the escalator had shut down and would not restart on at least [ten] different occasions between July 10, 2019, and the incident date." *Id*. The underlying incident occurred on November 16, 2024. *ECF Nos. 41 at p. 2; ECF No. 116 at p. 8.*

The Court finds these Service Call Reports provide some temporal evidence from which a jury could find AAT and Schindler had constructive knowledge of the escalator's condition. This dispute of material fact precludes summary judgment in favor of Schindler and Regal based upon their contention there is no evidence from which the Aguilars could establish this element. Because the Court finds the Aguilars presented enough evidence to raise a genuine dispute pertaining to constructive knowledge, it need not evaluate whether the Aguilars can establish a genuine dispute pertaining to actual knowledge.

The Court shall continue to the final element of the premises liability causes of action Schindler and Regal challenge.

### 3.   Unreasonable Risk of Harm

A condition presents an unreasonable risk of harm for premises-defect purposes when there is a sufficient probability of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event as likely to happen. *Cty. of Cameron v. Brown*, 80 S.W.3d 549, 556 (Tex. 2002). There is no definitive test for determining whether a specific condition presents an unreasonable risk of harm. *Pitts v. Winkler Cty.*, 351 S.W.3d 564, 573 (Tex.

18

App.—El Paso 2011, no pet*); Farrar v. Sabine Mgmt. Corp.*, 362 S.W.3d 694, 701 (Tex. App.—

Houston [1st Dist.] 2011, no pet.).

However, when determining whether an escalator was a condition of the premises that

posed an unreasonable risk of harm, courts have looked for evidence of the following:

> (1) that someone was previously injured by the escalator; (2) whether the con-
> struction of the escalator was somehow defective or unusual; (3) the escalator
> was somehow inherently dangerous or hazardously situated; and (4) whether the esca-
> lator was in compliance with applicable standards or that the particular construc-
> tion or placement of the escalator would have suggested to the premises owner
> that the escalator presented the prohibited degree of danger, even if it had at-
> tempted an inspection for dangerous conditions.

*Williams v. Adventure Holdings, LLC*, No. 05-12-01610-CV, 2014 WL 1607374, at *4 (Tex.

App. —Dallas Apr. 22, 2014, pet. denied) (collecting cases). Whether a condition is unreasona-

bly dangerous is ordinarily a fact question. *Pitts*, 351 S.W.3d at 573; *Farrar*, 362 S.W.3d at 701.

Nevertheless, the mere fact that an accident occurred is not per se evidence that there was an un-

reasonable risk of such an occurrence. *Schreiner*, 2003 WL 365967, at *2; *Dabney v. Wexler–

McCoy, Inc.*, 953 S.W.2d 533, 537 (Tex. App.—Texarkana 1997, pet. denied).

In their Motions for Summary Judgment, Schindler and Regal contend, respectively, the

Aguilars cannot establish the escalator's condition posed an unreasonable risk of harm. *See ECF

Nos. 137 at pp. 9–16*; *139 at pp. 10–16*. Both Schindler and Regal rely upon *Williams v. Adven-

ture Holdings, LLC* for support. *ECF No. 137 at p. 10*; *139 at pp. 14–18*. In *Williams*, the court

held the fact that an escalator injured a child, alone, was itself not evidence the escalator posed

an unreasonable risk of harm. *Williams*, 2014 WL 1607374, at *4–5. This Court finds the facts in

*Williams* distinguishable from those in this case.

In *Williams*, the plaintiff did not direct the court to any evidence showing individuals

were previously injured by the escalator. *Williams*, 2014 WL 1607374, at *5. As evidence, the

Aguilars refer the Court to the deposition transcript of Sara Simmons, Regal's former employee. *ECF No. 151 at p. 6; see also ECF No. 116-38*. Ms. Simmons worked at the movie theater from February 2016 to February 2021 and was on duty at the time of the incident. *ECF No. 116-38 at pp. 2–4*. During Ms. Simmons' deposition, the Aguilars' counsel asks, "Are you aware of any other incidents involving the escalators at your building?" *ECF No. 116-38 at p. 18*. Ms. Simmons responds, "I am . . . I've had many guests fall on the escalators . . . [u]pwards of ten." *Id*. Plaintiff's counsel later asks Ms. Simmons, "[A]re you aware of other occasions where the escalator stopped while you had guests or employees on it?" *Id*. "Yes," Ms. Simmons responds." *Id*.

The Court will not make credibility determinations or weigh the evidence, and Ms. Simmons' testimony does not constitute conclusive evidence regarding whether the escalator presented an unreasonable risk of harm. Yet, the testimony is sufficient to raise a material fact dispute whether the escalator posed an unreasonable risk of harm to the Aguilars, and this is an issue for the jury to resolve. *Knox v. Fiesta Mart, Inc.*, No. 01-09-01060-CV, 2011 WL 1587362 at *6 (Tex. App.—Houston [1st Dist.] 2014, no pet.).

For this reason, Regal and Schindler failed to satisfy their summary judgment burden of proof to establish there is no evidence, or the Aguilars cannot establish this element as a matter of law. Their Motions for Summary Judgment must be denied as it relies upon this basis.

### C.    Schindler's Reply Brief

In Schindler's Reply to Plaintiff's Response, Schindler attempts to challenge new aspects of the Aguilars' premises liability causes of action, including breach of the duty of care and proximate causation. *See ECF No. 154*. Reply briefs cannot be used to raise new arguments. *Hollis v. Lynch*, 827 F.3d 436, 451 (5th Cir. 2016). Because "the scope of the reply brief must be limited to addressing the arguments raised" in the response or memorandum in opposition, and

"it is improper for the movant to sandbag and raise wholly new issues in a reply memorandum," this Court need not address issues raised for the first time in Schindler's reply. *Mission Toxicology, LLC v. Unitedhealthcare Ins. Co.*, 499 F. Supp. 3d 350, 359 (W.D. Tex. 2020).

### IV. CONCLUSION

For the reasons stated, the Court **GRANTS** AAT's Motion for Summary Judgment (*ECF No. 110*), **GRANTS IN PART** and **DENIES IN PART** Regal's Motion for Summary Judgment (*ECF No. 137*), and **GRANTS IN PART** and **DENIES IN PART** Schindler's Motion for Summary Judgment (*ECF No. 139*).

Plaintiffs' causes of action of general negligence against AAT, Regal, and Schindler are **DISMISSED WITH PREJUDICE**. Plaintiffs' causes of action of premises liability against ATT are also **DISMISSED WITH PREJUDICE**. AAT is, therefore, **DISMISSED** from this case. Plaintiffs' causes of action of premises liability asserted against Regal and Schindler shall proceed.

**IT IS THEREFORE ORDERED** that within ten days from the date of this Order, the parties shall confer and advise the Court of three potential trial dates before **March 31, 2025**. The advisory shall include the estimated number of days needed for trial. The Court will provide the parties the requested dates if available. If the parties do not file an advisory, or the requested dates are not available on the Court's trial schedule, the Court will assign a trial date, at which time the Court will enter a Trial Scheduling Order. If the parties wish, they may call the Court's Courtroom Deputy, Magda Muzza, at 210-244-5021, for information regarding open trial dates.

The parties may engage in private settlement negotiations, including mediation with a private mediator, any time prior to trial. If the parties elect to request mediation before a Magis-

trate Judge, their joint request for referral to a Magistrate Judge for mediation must be filed no later than forty-five days before trial.

It is so ORDERED.
SIGNED this 25th day of September, 2024.

JASON  PULLIAM
UNITED STATES DISTRICT JUDGE